## THE BOARD OF SUPERVISORS OF THE COUNTY OF DELAWARE, PLAINTIFF, v. CHARLES A. FOOTE, DEFENDANT.

*Conflicting decisions of Commission and Court of Appeals — county treasurer — right of, to retain one per cent allowed by comptroller to his own use — Payment of money morally and equitably due — right to recover.*

Upon appeal from a judgment of nonsuit entered in this action, the Commission of Appeals reversed the judgment, holding that upon the facts proved the plaintiff was entitled to recover. Subsequently the Court of Appeals, in another case, held that upon the same facts the plaintiff could not recover. Upon this case coming on for a new trial, *held*, that it was the duty of the court to follow

the decision of the Court of Appeals, although a different rule was laid down therein than had been previously declared by the Commission of Appeals in this case.

The defendant, who was county treasurer of the county of Delaware from 1861 to 1869, paid over to the county during each of these years the one per cent upon the State tax allowed to him by the comptroller, upon his annual settlement, under the belief that the said sums belonged to the county. In 1869, defendant having learned that the said sums belonged by law to him, applied to the board of supervisors, which passed a resolution authorizing him to retain the said money until called upon by the comptroller to pay over the same, in accordance with which the defendant retained the same from the moneys then in his hands. In 1870 the board of supervisors rescinded this resolution, and subsequently brought this action to recover the said money. *Held*, (1) that the one per cent so retained belonged to the defendant, and not to the county; (2) that, though the county might not have been legally bound to refund the money, as it was paid under a mistake of law and not of fact, yet it was morally bound so to do, and that having paid the same, it could not thereafter recover it back.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a nonsuit directed by the court.

This action was brought to recover the sum of $1,940.74 and interest, which the plaintiff claims the defendant unlawfully retained as late county treasurer of the county of Delaware.

The defendant was county treasurer of said county for nine successive years, commencing January 1, 1861, and ending December 31, 1869. During the first eight official years of said term of office defendant received and retained $702.59 for the first year, and each of the seven years following the sum of $500 as his salary, with the consent of the board, pursuant to statute. He made his report each year to the board of supervisors, which was duly accepted, and he was by said board allowed to retain said $500 as his salary, and his account was thus settled each and every year. The board never, in advance, fixed his salary as such treasurer, pursuant to the statute of 1846.

In addition to the said sum of $500 retained by him each year as aforesaid, defendant also retained, the last year he was such county treasurer, the sum of $1,940.74, for the recovery of which sum and interest this action is brought. The defendant claimed that by the action of the board of supervisors, in 1869, he was authorized to retain the same. He claimed the amount was what

he ought to have received as a per centage on the State taxes in the seven previous years, and because he had not retained the same each year he could then take the whole sum.

At a meeting of the board of supervisors December 9, 1869, the following resolution was adopted:

"*Resolved,* That the county treasurer be allowed to retain the one per cent allowed him by the State comptroller for the disbursement of the State tax, until called upon by the comptroller to pay over the same, and for which the county treasurer has heretofore given bonds to the State comptroller."

At a meeting of the board December 9, 1870, the supervisors rescinded the resolution, and upon the defendant's refusal to pay the same or any part thereof, this action was commenced.

The action was first tried at Delhi, in the May term, 1871, before Judge BALCOM and a jury. The court refused to let the case go to the jury, and nonsuited the plaintiff. The plaintiff duly excepted, and appealed to the General Term, where the nonsuit was affirmed. The plaintiff then appealed to the Commission of Appeals and the nonsuit was set aside and new trial ordered, costs to abide the event. A second trial was had before Justice FOLLETT and a jury, at the Circuit held at Delhi, in December, 1875, when the court again nonsuited the plaintiff and refused to let the case go to the jury.

When the case was decided in the Commission of Appeals, the court held that plaintiff was entitled to recover the money and that defendant was liable therefor in this action.

*A. J. Parker,* for the plaintiff.

*S. Hand,* for the defendant. The board of supervisors, at its meeting in 1870, cannot legally readjudge the matters settled at the meeting in 1869, nor, in the absence of fraud or mistake of fact, reassert a claim against defendant which has been adjusted. (*Suprs. of Chenango v. Birdsall,* 4 Wend., 453, 460; *People ex rel. Harvey A. Ames,* 19 How., 551; *People v. Suprs. of Schenectady Co.,* 35 Barb., 408, and the numerous cases there cited; *Suprs. of Onondaga v. Briggs,* 2 Den., 26; 4 Wend., 460.) The power of the board is judicial. Once executed their power is exhausted. (See

the cases above cited.) The claim of the defendant to retain these moneys, as liable to be called upon for them by the State, or, if not, as entitled to them himself, was a fair one; and its arrangement and concession by the board was a "settlement and allowance," and within their powers. Being a compromise of a disputed claim, whether good or bad, it is binding. (*Suprs.* v. *Bowen*, 4 Lans., 24; *Palmer* v. *North*, 35 Barb., 282; *Stewart* v. *Ahrenfield*, 4 Den., 189; *Bk.* v. *Blair*, 44 Barb., 641; *Hall* v. *Brown*, 15 Johns., 194; *Seaman* v. *Seaman*, 12 Wend., 381.)

BOOKES, J.:

It must be admitted, I think, that the decision in this case by the Commission of Appeals, on the controlling question in it, is in antagonism with the later decision in the Court of Appeals in *The Board of Supervisors of Monroe Co.* v. *Otis et al.* (62 N. Y., 88). We are bound by the latest decision in the court of dernier resort. (*The Mechanics' and Traders' Bank* v. *Dakin*, 15 S. C. N. Y. [8 Hun], 431.) It is well said in the case cited that there can be but one prevailing rule of law upon the same subject at the same time, and that the proper course to be pursued by the subordinate courts, is to apply the law to the facts as finally established by the determination of the court of last resort, and this should be observed, although a different rule may have been peviously declared in the same case, by a court of co-ordinate jurisdiction.

Now, I understand it to be decided in the *Otis Case* that the money, or rather the *amount* of money, here sought to be recovered from the defendant, was made up of funds which by law belonged to the latter; in point of fact, such amount was the aggregate of one per cent on the State tax, retained therefrom by the defendant as county treasurer, or returned to him by the comptroller from the State tax. Had he retained this per centage in his own hands, the county could not have recovered it from him; this was held in the case cited; it was there decided that such per centage belonged to the defendant, and in effect that he was not to be controlled in its disposition by any action of the board of supervisors. It was said in the opinion that "it was an allowance by the State, and as a fee or commission earned by and due to the county treasurer;" and further, "no deduction was due the county from the State (therefor) and it was not entitled to any compensation or commis-

sion from the State therefor ;" and still further, " the compensation was for the official services of the treasurer rendered the State." The point being settled by this decision that these fees belonged·to and became the money of the defendant, on which the county had no claim whatever, let us follow the case to its conclusion on the facts.

Under the supposition, entertained by all parties at the time, that the county might claim these funds from the defendant, he passed them to its credit, and they were appropriated and applied by the county to its use. Subsequently, on discovery of the mistake upon which all parties had acted, and recognizing the fact that the county had taken the benefit of the defendant's money, the board of supervisors directed its restoration or repayment, and the amount was, under such direction, refunded to him·; all this certainly was but just to the defendant, and to the county as well, which, it seems, acted in this instance through an honest representation. It is difficult to see by what right or on what just principle this sum can be recovered back by the county. Let it be admitted that it came to the use of the county, or was *paid* over to the county under a mistake of law, and not of fact, hence not recoverable by compulsory proceedings, still it remained with the county to waive this technical obstruction to a recovery at law, and to do justice. The county restored to the defendant only what belonged to him in honesty ; this he may hold. When one pays to another what the law would not compel him to pay, but what in equity and good conscience he ought to pay, he cannot recover it back. (*Bize* v. *Dickason*, 1 Durnf. & East, 285.) The nonsuit was properly directed.

The motion for a new trial must be denied, and the defendant is entitled to judgment with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Motion for new trial denied, and judgment ordered for defendant with costs.